UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOSE A. PUGA CAMPOS (3),<br><br>                    Defendant. | CASE NO. 12-CR-6053-EFS-3<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant Jose A. Puga Campos's *pro se* Motion to For a Reconsideration to Grant the Sentence Reduction Based on the Amendment 782. ECF No. 1214. Defendant again asks the Court to reduce his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines. *Id.* Defendant was sentenced on October 31, 2013, to 80 months imprisonment, ECF No. 858, and Judgment was entered, ECF No. 864. On February 4, 2015, the Court appointed prior defense counsel Amanda J. Stevens to determine whether Defendant is eligible for a sentence reduction. ECF No. 1113. After reviewing the relevant materials, Ms. Stevens determined that Defendant was ineligible, and she notified Defendant of her findings. ECF No. 1170. The Court entered an Order memorializing defense counsel's findings. ECF No. 1178. On July 8, 2015, Defendant filed a *pro se* motion asking the Court to reduce his sentence pursuant to Amendment 782 despite the Court's prior finding that he is ineligible. ECF No. 1185. On July 9, 2015, the Court denied the motion again finding that Defendant is

ORDER - 1

ineligible for a sentence reduction because his original sentence was less than the minimum of the amended Guideline range. ECF No. 1186. Defendant now asks the Court for reconsideration. The Court denies the motion and restates its prior findings here.

Amendment 782 reduced the base offense level in the Guidelines' drug quantity tables by two levels. *See* U.S.S.G. § 2D1.1(c). Under section 1B1.10 of the Guidelines, the Court may reduce a defendant's term of imprisonment if the applicable Guideline range has been lowered by an amendment to the Guidelines *so long as* the defendant does not receive an imprisonment sentence that is less than the minimum of the amended Guideline range. U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (upholding the Sentencing Commission's low-end-of-Guideline-range limitation on retroactive sentencing reductions); *United States v. Tercero*, 734 F.3d 979, 982-84 (9th Cir. 2013) (same).

Defendant's original Sentencing Guideline range was 108-135 months. Statement of Reasons, ECF No. 865. Defendant's Guideline range after Amendment 782's two-level base-offense-level reduction is 87-108 months. ECF No. 142. Notwithstanding a reduction in the applicable Guideline range, Guideline policy statement § 1B1.10(b)(2)(A) and Application Note 3 thereto remove the Court's ability to lower an imprisonment sentence if the imposed sentence was less than the low end of the amended Guideline range. Because Defendant's imprisonment sentence is 80 months, which is less than the low end of the amended Guideline range, Defendant is not eligible for a sentence reduction.

ORDER - 2

Accordingly, **IT IS HEREBY ORDERED**, Defendant's Motion to For a Reconsideration to Grant the Sentence Reduction Based on the Amendment 782, **ECF No. 1214**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel, Defendant, and the U.S. Probation Office.

**DATED** this   25th   day of February 2016.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\2012\6053.3.deny.recon.782.lc2.docx

ORDER - 3